

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

_____

970 Broad Street, Suite 700                    (973)645-2700
Newark, New Jersey 07102

LJW/PL AGR
2013R01127

February 12, 2014

David Holman, Esq.
Assistant Federal Public Defender
Federal Public Defender's Office
1002 Broad Street
Newark, New Jersey 07102

> Re:    <u>Plea Agreement with Juan Ortiz</u>

Dear Mr. Holman:

This letter sets forth the plea agreement between your client, Juan Ortiz, and the United States Attorney for the District of New Jersey ("this Office"). This offer will remain open until February 21, 2014. If this agreement is not signed and returned to this Office on or before February 21, 2014, this offer will expire.

<u>Charge</u>

Conditioned on the understandings specified below, this Office will accept a guilty plea from Juan Ortiz to a one-count information, which charges Juan Ortiz with being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1). If Juan Ortiz enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Juan Ortiz for possession of a firearm or ammunition on September 19, 2013, in Hackensack, New Jersey. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, defendant agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Juan Ortiz may be commenced against him, notwithstanding the expiration of the limitations period after Juan Ortiz signs the agreement.

Sentencing

The violation of 18 U.S.C. § 922(g)(1) to which Juan Ortiz agrees to plead guilty carries a statutory maximum prison sentence of 10 years and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Juan Ortiz is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Juan Ortiz ultimately will receive.

Further, in addition to imposing any other penalty on Juan Ortiz, the sentencing judge: (1) will order Juan Ortiz to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order Juan Ortiz to pay restitution pursuant to 18 U.S.C. § 3663 *et seq.*; (3) must order forfeiture, pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461; and (4) pursuant to 18 U.S.C. § 3583 may require Juan Ortiz to serve a term of supervised release of not more than 3 years, which will begin at the expiration of any term of imprisonment imposed. Should Juan Ortiz be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Juan Ortiz may be sentenced to not more than 2 years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Juan Ortiz by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Juan Ortiz's activities and relevant conduct with respect to this case.

Stipulations

This Office and Juan Ortiz agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each

2

reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Juan Ortiz from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at postsentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

<u>Waiver of Appeal and Post-Sentencing Rights</u>

As set forth in Schedule A, this Office and Juan Ortiz waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

<u>Forfeiture</u>

Juan Ortiz agrees that as part of his acceptance of responsibility and pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), he agrees to forfeit and abandon to federal, state, and/or local law enforcement all rights, title and interest in:

one (1) Mossberg, 12 gauge shotgun, serial number H332639, model 600 AT,

eight (8) Olympic 12 Gauge 7.5 shot shells,

two (2) Federal 12 Gauge 7.5 shot shells,

one (1) Winchester 12 Gauge shell, and

two (2) 3" Winchester Super X 12 Gauge Slug shells,

all recovered by law enforcement officers on September 19, 2013 (collectively the "Firearms"). Juan Ortiz acknowledges that the Firearms were involved or used in his knowing violation of 18 U.S.C. § 922(g)(1), and thus are subject to forfeiture to the United States pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461.

Juan Ortiz further agrees to waive all interest in the Firearms in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. Juan Ortiz agrees to consent to the entry of orders of forfeiture for the Firearm and waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Juan Ortiz understands that the forfeiture of the Firearms is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding.

3

Juan Ortiz hereby waives any and all claims that this forfeiture constitutes an excessive fine and agrees that this forfeiture does not violate the Eighth Amendment. Juan Ortiz further waives any additional notice requirement in connection with the forfeiture and abandonment of the Firearms and consents to the destruction of the forfeited and abandoned firearm and ammunition at the discretion of federal, state, and/or local law enforcement.

Immigration Consequences

The defendant understands that, if he is not a citizen of the United States, his guilty plea to the charged offense likely will result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. The defendant understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. The defendant wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. The defendant understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, the defendant waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Juan Ortiz. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service), or any third party from initiating or prosecuting any civil or administrative proceeding against Juan Ortiz.

No Other Promises

This agreement constitutes the plea agreement between Juan Ortiz and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PAUL J. FISHMAN
United States Attorney

By:   L. JUDSON WELLE
      Assistant U.S. Attorney

4

APPROVED:

Anthony Moscato
Chief, National Security Unit

       I have received this letter from my attorney, David Holman, Esq.  I have read it.
My attorney and I have discussed it and all of its provisions, including those addressing the
charge, sentencing, stipulations, waiver, forfeiture, and immigration consequences.  I understand
this letter fully.  I hereby accept its terms and conditions and acknowledge that it constitutes the
plea agreement between the parties.  I understand that no additional promises, agreements, or
conditions have been made or will be made unless set forth in writing and signed by the parties.
I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____     Date:
Juan Ortiz

       I have discussed with my client this plea agreement and all of its provisions,
including those addressing the charge, sentencing, stipulations, waiver, forfeiture, and
immigration consequences.  My client understands this plea agreement fully and wants to plead
guilty pursuant to it.

_____     Date:
David Holman, Esq.

APPROVED:

~~Anthony Moscato~~
Chief, National Security Unit

  I have received this letter from my attorney, David Holman, Esq. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, forfeiture, and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

Juan Ortiz     Date: 3|5|14

  I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, forfeiture, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

David A. Holman, Esq.   Date: 3|5|14

5

Plea Agreement with Juan Ortiz

Schedule A

1.    This Office and Juan Ortiz recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and Juan Ortiz nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence Juan Ortiz within the Guidelines range that results from the total Guidelines offense level set forth below. This Office and Juan Ortiz further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level.

2.    The version of the United States Sentencing Guidelines effective November 1, 2013 applies in this case. The applicable guideline is U.S.S.G. § 2K2.1. This guideline carries a Base Offense Level of 26 because (A) the offense involved a firearm that is described in 26 U.S.C. § 5845(a), to wit a shotgun having a barrel of less than 18 inches in length, and (B) the defendant committed the instant offense subsequent to sustaining at least two felony convictions for either crimes of violence or controlled substance offenses, pursuant to U.S.S.G. § 2K2.1(a)(1).

3.    As of the date of this letter, Juan Ortiz has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Juan Ortiz's acceptance of responsibility continues through the date of sentencing. *See* U.S.S.G. § 3E1.1(a).

4.    As of the date of this letter, Juan Ortiz has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1 point reduction in Juan Ortiz's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met:  (a) Juan Ortiz enters a plea pursuant to this agreement, (b) this Office in its discretion determines that Juan Ortiz's acceptance of responsibility has continued through the date of sentencing and Juan Ortiz  therefore qualifies for a 2 point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Juan Ortiz's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

5.    In accordance with the above, the parties agree that the total Guidelines offense level applicable to Juan Ortiz is 23 (the "agreed total Guidelines offense level").

6.    The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein. The parties further agree that a sentence within the Guidelines range that results from the agreed total Guidelines offense level of 23 is reasonable.

7.    Juan Ortiz knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within

or below the Guidelines range that results from the agreed total Guidelines offense level of 23. This Office will not file any appeal, motion or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 23. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

8.      Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.